IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

WEBMAP TECHNOLOGIES LLC

v.

GARMIN INTERNATIONAL, INC.;
GARMIN USA, INC.;
GLOBALMOTION MEDIA, INC.;
MAPMYFITNESS, INC.;
NIKE, INC.
TOMTOM INTERNATIONAL BV; AND
TOMTOM, INC. A/K/A TOMTOM
NAVIGATION, INC.

Civil Action No. _______________

JURY TRIAL DEMANDED

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WebMap Technologies LLC files this original Complaint against GARMIN INTERNATIONAL, INC.; GARMIN USA, INC.; GLOBALMOTION MEDIA, INC.; MAPMYFITNESS, INC.; NIKE, INC.; TOMTOM INTERNATIONAL BV; and TOMTOM, INC. A/K/A TOMTOM NAVIGATION, INC. (collectively "Defendants").

**PARTIES**

1. WebMap Technologies LLC ("WebMap" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2. On information and belief, Defendant GARMIN INTERNATIONAL, INC. ("GARMIN INTERNATIONAL") is a Kansas corporation with its principal place of business in 1200 East 151st Street, Olathe, Kansas 66062.

3. On information and belief, Defendant GARMIN USA, INC. ("GARMIN USA") is a Kansas corporation with its principal place of business in 1200 East 151st Street, Olathe,

Kansas 66062 (GARMIN INTERNATIONAL and GARMIN USA are collectively referred to herein as "GARMIN").

4. On information and belief, Defendant GLOBALMOTION MEDIA, INC. ("GLOBALMOTION") is a corporation with its principal place of business in Palo Alto, California.

5. On information and belief, Defendant MAPMYFITNESS, INC. ("MAPMYFITNESS") is a Colorado corporation with its principal place of business in Denver, Colorado.

6. On information and belief, Defendant NIKE, INC. ("NIKE") is a Oregon corporation with its principal place of business in Beaverton, Oregon.

7. On information and belief, Defendant TOMTOM INTERNATIONAL BV is a Oregon corporation with its principal place of business in Beaverton, Oregon.

8. On information and belief, Defendant TOMTOM, INC. A/K/A TOMTOM NAVIGATION, INC. is a Massachusetts corporation with its principal place of business in Concord, Massachusetts. (TOM TOM INTERNATIONAL BV and TOMTOM, INC. A/K/A TOMTOM NAVIGATION, INC. are collectively referred to herein as "TOMTOM").

**JURISDICTION AND VENUE**

9. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, within this district the Defendants have engaged in at least

the making and using of the accused interactive mapping functionality on the websites identified herein below. In addition, on information and belief, Defendants have derived substantial revenues from reviews and bookings in and from this district and nearby areas. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, within this district the Defendants have engaged in the making and using of the accused interactive mapping functionality on the websites identified herein below. Also, Defendants have induced and contributed to infringing end use within this district of the accused interactive mapping functionality on the websites identified herein below. In addition, on information and belief, Defendants have derived substantial revenues from reviews and bookings in and from this district and nearby areas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,772,142**

11. United States Patent No. 6,772,142 ("the '142 Patent") entitled "Method and Apparatus for Collecting and Expressing Geographically-Referenced Data" was filed on October 31, 2000 and duly and legally issued on August 3, 2004. A true and correct copy of the '142 Patent is Exhibit A to Plaintiff's prior complaints. The inventors of the '142 Patent assigned the entire right, title and interest in and to the '142 Patent jointly to Cornell Research Foundation, Inc. ("Cornell") and the National Audubon Society, Inc. ("Audubon"). Audubon and Cornell

entered into an agreement whereby Audubon authorized Cornell to act on its behalf relative to the '142 Patent. Prior to this suit being filed, Cornell, on behalf of itself and Audubon, granted an exclusive worldwide license under and all substantial rights to the '142 Patent to Acacia Patent Acquisition LLC ("APAC"). Prior to this suit being filed, APAC assigned all of its rights in the '142 Patent to WebMap, which is the exclusive licensee of, and owner of all substantial rights to the '142 Patent. Accordingly, WebMap has standing to bring this lawsuit for infringement of the '142 patent.

12. On information and belief, Defendant GARMIN has been and now is directly infringing the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping methods practiced in connection with Garmin Connect and http://connect.garmin.com, and further in connection with Garmin devices making uses of the foregoing, including Forerunner and Edge devices, including relative to receiving first geographical locations and associated data, for example maps comprising locations and data, from observers, storing the data, receiving inquiries from users specifying locations, and providing data associated with user specified locations.

13. Moreover, on information and belief, Defendant GARMIN has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing all or portions of the interactive mapping functionality described in this paragraph, including to its customers and/or users.

14. Defendant GARMIN is thus liable for infringement of the '142 Patent pursuant to 35 U.S.C. § 271.

15. On information and belief, Defendant GLOBALMOTION has been and now is directly infringing the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping methods found at www.everytrail.com, including relative to receiving first geographical locations and associated data, for example maps comprising locations and data, from observers, storing the data, receiving inquiries from users specifying locations, and providing data associated with user specified locations.

16. Moreover, on information and belief, Defendant GLOBALMOTION has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing all or portions of the interactive mapping functionality described in this paragraph, including to its customers and/or users.

17. Defendant GLOBALMOTION is thus liable for infringement of the ‘142 Patent pursuant to 35 U.S.C. § 271.

18. On information and belief, Defendant MAPMYFITNESS has been and now is directly infringing the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping methods found at www.mapmyfitness.com, www.mapmyrun.com, www.mapmyride.com, www.mapmywalk.com, www.mapmyhike.com, www.mapmytri.com and/or www.mapmymountain.com, including relative to receiving first geographical locations and associated data, for example maps comprising locations and data, from observers, storing the data, receiving inquiries from users specifying locations, and providing data associated with user specified locations.

19. Moreover, on information and belief, Defendant MAPMYFITNESS has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing all or portions of the interactive mapping functionality described in this paragraph, including to its customers and/or users.

20. Defendant MAPMYFITNESS is thus liable for infringement of the ‘142 Patent pursuant to 35 U.S.C. § 271.

21. On information and belief, Defendant NIKE has been and now is directly infringing the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping methods interactive mapping methods found at Nike + Map It and www.nike.com, including http://nikerunning.nike.com/nikeos/p/nikeplus/en_US/plus/#//map_it/, including relative to receiving first geographical locations and associated data, for example maps comprising locations and data, from observers, storing the data, receiving inquiries from users specifying locations, and providing data associated with user specified locations.

22. Moreover, on information and belief, Defendant NIKE has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing all or portions of the interactive mapping functionality described in this paragraph, including to its customers and/or users.

23. Defendant NIKE is thus liable for infringement of the ‘142 Patent pursuant to 35 U.S.C. § 271.

24. On information and belief, Defendant TOMTOM has been and now is directly infringing the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by actions comprising making and using the interactive mapping methods practiced in connection with TomTom Mapshare and www.tomtom.com, including www.tomtom.com/mapshare, and further in connection with TomTom devices making uses of the foregoing, including the TomTom EASE, 125, 130, 140, 325, 330, 340, 350, 530, 535, 540, 550, 630, 730 and/or 740, and/or the TomTom App, including relative to receiving first geographical locations and associated data, for example maps comprising locations and data, from observers, storing the data, receiving inquiries from users specifying locations, and providing data associated with user specified locations.

25. Moreover, on information and belief, Defendant TOMTOM has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the ‘142 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing all or portions of the interactive mapping functionality described in this paragraph, including to its customers and/or users.

26. Defendant TOMTOM is thus liable for infringement of the ‘142 Patent pursuant to 35 U.S.C. § 271.

27. As a result of Defendants’ infringing conduct, Defendants have damaged WebMap Technologies. Defendants are liable to WebMap Technologies in an amount that adequately compensates WebMap Technologies for their infringement, which, by law, can be no less than a reasonable royalty.

28. On information and belief, the Defendants have had during relevant times actual and/or constructive notice of the ‘142 patent.

29. Upon information and belief, GARMIN, GLOBALMOTION, MAPMYFITNESS, NIKE and/or TOMTOM have been aware of the ‘142 patent for some time prior to the filing of this suit, and their infringing activities have been willful and objectively reckless since receiving notice of the patent. In any event, to the extent GARMIN, GLOBALMOTION, MAPMYFITNESS, NIKE and/or TOMTOM continues to infringe the ‘142 patent during the pendency of this suit, such infringement would necessarily be willful and objectively reckless.

30. Accordingly, WebMap Technologies seeks a willfulness finding against Defendants relative to their infringement of the ‘142 patent, in accordance with the above.

## PRAYER FOR RELIEF

WHEREFORE, WebMap Technologies respectfully requests that this Court enter:

1. A judgment in favor of WebMap Technologies that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the ‘142 Patent;

2. A judgment that the Defendants’ infringement is and/or has been willful and objectively reckless;

3. A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the ‘142 Patent;

4. A judgment and order requiring Defendants to pay WebMap Technologies its damages, including for at least six years of past infringement, costs, expenses, and prejudgment and post-judgment interest for Defendants’ infringement of the ‘142 Patent as provided under 35 U.S.C. § 284;

5. An award to WebMap Technologies for enhanced damages as provided under 35 U.S.C. § 284;

6. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to WebMap Technologies its reasonable attorneys' fees; and

7. Any and all other relief to which WebMap Technologies may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

August 16, 2010

Respectfully submitted,

WEBMAP TECHNOLOGIES LLC

By: /s/ John J. Edmonds

John J. Edmonds – LEAD COUNSEL
Texas Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Henry M. Pogorzelski
Texas Bar No. 24007852
Erick Robinson
Texas Bar No. 24039142
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
hpogorzelski@cepiplaw.com
erobinson@cepiplaw.com

Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300

(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFF
WEBMAP TECHNOLOGIES LLC